# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **TARRIFY PROPERTIES, LLC, and DENISE GUTTA, individually and on behalf of all others similarly situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**CUYAHOGA COUNTY, OHIO,**<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. § 1983, THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND ART I. SEC. 19 OF THE OHIO CONSTITUTION**<br><br>**TRIAL BY JURY DEMANDED** |

Plaintiffs Tarrify Properties, LLC, and Denise Gutta ("Plaintiffs"), individually, and on behalf of all others similarly situated, by and through counsel, and for their Class Action Complaint against Defendant Cuyahoga County, Ohio ("County" or "Defendant") state as follows:

## I.  INTRODUCTION

1. This case seeks relief relating to the deprivation of Plaintiffs' and Class members' (defined below) property rights in real property located within Cuyahoga County, Ohio. Specifically, the County, acting within its governmental capacity and under color of state law, terminated and seized Plaintiffs' ownership interest in real estate under the auspices of tax foreclosure proceedings authorized by R.C. 323.65, *et seq.*, but in doing so denied Plaintiffs and Class members their constitutional right to just compensation.

## II.  PARTIES, JURISDICTION, AND VENUE

2. Tarrify Properties, LLC is a limited liability company organized under the laws of, and operating in, the state of Ohio.

3. Denise Gutta is a natural person who owned property located in Cuyahoga County, Ohio.

4. The County is a body politic and corporate organized pursuant to, and possessed of such powers, rights, and privileges as are granted by the Charter of Cuyahoga County and the general law of the State of Ohio.

5. This action arises under, *inter alia*, 28 U.S.C. § 1983, and the 5th and 14th Amendments to the United States Constitution, and therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391. Plaintiffs and Defendant are residents of this District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District as Defendant's conduct complained of herein occurred solely within Cuyahoga County, Ohio and related to real estate located within Cuyahoga County, Ohio.

### III. LEGAL BACKGROUND

7. In 2006, the Ohio General Assembly enacted R.C. § 323.65, *et seq.* (the "Statute") which created an alternative means for county boards of revision to foreclose on real property with outstanding property tax liens if that real property is "abandoned," as defined by R.C. 323.65(A).

8. Unlike traditional tax foreclosure proceedings, a board of revision tax foreclosure conducted pursuant to the Statute does not need to be instituted in court and is instead conducted by the board of revision itself. R.C. 323.66.

9. The foreclosure proceedings authorized by the Statute also differ from traditional tax foreclosure proceedings because the Statute eliminates the need for a county board of revision to offer a foreclosed property for sale at public auction. Instead, the board of revision

may order that the property be directly transferred to a county land reutilization corporation or a political subdivision that has indicated a desire to acquire the property. R.C. 323.71(A)(1); R.C. 323.73(G); R.C. 323.78. Such direct transfers may be ordered in two circumstances: (1) if the total amount of the impositions owed (*i.e.*, all taxes, assessments, and other amounts certified as a lien against the property) exceed the fair market value of the real property (R.C. 323.71(A)(1); R.C. 323.73(G)); or (2) if a county treasurer invokes the "alternative redemption period" pursuant to R.C. 323.78, regardless of whether the fair market value of the property exceeds the total amount of impositions owed. This lawsuit involves the second of these circumstances.

10. When title to property is transferred to a county land reutilization corporation or a political subdivision pursuant to R.C. 323.78, the entity receiving the property does not pay any consideration for the property other than perhaps some minor fees and costs. R.C. 323.78(B) also provides that upon such direct transfer of a foreclosed property, the property is transferred "free and clear of all impositions and any other liens on the property, which shall be deemed forever satisfied and discharged."

11. Although the Statute permits county boards of revision to transfer foreclosed properties to county land reutilization corporations or political subdivisions even where the fair market value of the property *exceeds* the total amount of impositions owed, the Statute does not provide for the payment of any compensation to property owners whose property is transferred under such circumstances. R.C. 323.78(B). As such, property owners, such as Plaintiffs and Class members, receive less than the fair market value for their properties when they are transferred pursuant to R.C. 323.78(B).

12. To demonstrate, assume a property owner owns a property with a fair market value of $25,000 and $10,000 in property tax impositions against it. If the county board of

revision orders transfer of the property to the county land bank or a municipality pursuant to R.C. 323.78(B), the property owner loses the entire $25,000.00 in value because of a $10,000.00 tax liability – a difference of $15,000.00. Under this scenario, the county board has taken property without providing just compensation, as required by the 5th and 14th Amendments to the United States Constitution.

### IV.　　FACTUAL ALLEGATIONS

13.　　The Cuyahoga County Board of Revision ("Board of Revision") is an administrative board of the County, originally created pursuant to R.C. 5715.01(B) and Section 6.02 of the Cuyahoga County Charter (the "Charter") to hear complaints and revise assessments of real property for taxation. Under the Charter, the members of the Board of Revision are (1) the County Executive, (2) the County executive's choice of either the county fiscal office or county treasurer, and (3) a member of the county council.

14.　　The Cuyahoga County Land Reutilization Corporation (the "Land Bank") is an Ohio not for profit corporation organized under the authority of R.C. 1724.04 and operates within Cuyahoga County, Ohio. The Land Bank was incorporated by the Cuyahoga County Treasurer pursuant to a resolution adopted by the Cuyahoga County Board of Commissioners to foster the return of unproductive land within the County to tax revenue generating status or devotion to public use. After its incorporation, the Land Bank entered into an agreement with the County to act as the County's agent under R.C. 5722 for the reclamation, rehabilitation, and reutilization of vacant, abandoned, tax foreclosed, and other property within the County. The Land Bank has a nine-member Board of Directors. In accordance with R.C. 1724.03 and R.C. 1.62, the Board of Directors includes the County Treasurer, the County Executive, a member appointed by the County Council, and two representatives of the municipal corporation with the

largest population, the City of Cleveland. The remaining members of the Board of Directors must be unanimously selected by the County Executive, County Treasurer, and the County Council Director.

15. Since 2011, the Cuyahoga County Treasurer has commenced thousands of delinquent tax foreclosure cases pursuant to the Statute before the Board of Revision.

16. Upon information and belief, in virtually every case in which a judgment of foreclosure was entered, the real property was transferred directly to the Land Bank or a political subdivision.

17. In a substantial majority of those cases—perhaps in as many as 85%—the Cuyahoga County Treasurer invoked the alternative redemption period contained in R.C. 323.78, meaning that the Board of Revision made a factual finding that the value of the property transferred *exceeded* the amount of the impositions on that property.

18. In each case in which the Cuyahoga County Treasurer invoked the alternative redemption period contained in R.C. 323.78, the Board of Revision issued an Adjudication of Foreclosure (*Direct Transfer-Alternative Right of Redemption*).

### V. FACTS RELEVANT TO PLAINTIFFS

#### Tarrify Properties, LLC Foreclosure

19. On August 23, 2018, the Cuyahoga County Treasurer instituted a tax foreclosure case before the Board of Revision against Tarrify Properties, LLC, Case No. BR-18-017485 ("Tarrify Foreclosure Case"). The property comprised a single parcel located at 11600 Miles Avenue, Cleveland, Ohio (Parcel No. 138-13-001) (the "Tarrify Property").

20. At the time the Tarrify Foreclosure Case was commenced, Tarrify Properties LLC was vested with the entire fee interest in the Tarrify Property.

21. At the time the Complaint in the Tarrify Foreclosure Case was filed, the Cuyahoga County Fiscal Officer had certified the total value of the Tarrify Property at $176,800.00 and the total amount of delinquent taxes, assessments, and penalties owed on the Tarrify Property as $18,638.45.

22. On June 3, 2019, the Board of Revision issued two orders in the Tarrify Foreclosure Case: (1) *Adjudication of Foreclosure (Direct Transfer–Alternative Right of Redemption)*, which found that foreclosure was appropriate and that the Treasurer had invoked the alternative redemption period of R.C. 323.78; and (2) *Order to Sheriff: Order of Direct Transfer To CCLRC Pursuant to R.C. 323.65(J); 323.78 With Alternative Right of Redemption*, which ordered the Sheriff to issue a deed transferring the Tarrify Property to the Land Bank.

23. Pursuant to the *Adjudication of Foreclosure* and the *Order to Sheriff*, the Cuyahoga County Sheriff issued a deed transferring the Tarrify Property to the Land Bank.

24. The difference between the certified value of the Tarrify Property at the commencement of the Tarrify Foreclosure Case and the amount of the impositions on the Tarrify Property was $158,161.55. However, Tarrify Properties, LLC did not receive any compensation in connection with that amount of equity in the Tarrify Property.

25. As a result of the proceedings in the Tarrify Foreclosure Case described above, Tarrify Properties LLC has been denied title, possession, use, and enjoyment of the Tarrify Property, which was taken by the County for public use without just compensation as required by the Fifth Amendment to the United States Constitution—as applied to the County under the Fourteenth Amendment to the United States Constitution—and as required by Article 1, Section 19 of the Ohio Constitution.

**Denise Gutta Foreclosure**

26. On July 28, 2016, the Cuyahoga County Treasurer instituted a tax foreclosure case before the Board of Revision against Denise Gutta, Case No. BR-16-012232 ("Gutta Foreclosure Case"). The property comprised a single parcel located at 3709 Behrwald Avenue, Cleveland, Ohio (Parcel No. 011-08-010) (the "Gutta Property").

27. At the time the Gutta Foreclosure Case was commenced, Gutta was vested with the entire fee interest in the Gutta Property.

28. At the time the Complaint in the Gutta Foreclosure Case was filed, the Cuyahoga County Fiscal Officer had certified the total value of the Gutta Property at $68,000.00 and the total amount of delinquent taxes, assessments, and penalties owed on the Gutta Property as $7,510.30.

29. On November 4, 2016, the Board of Revision issued two orders in the Gutta Foreclosure Case: (1) *Adjudication of Foreclosure (Direct Transfer/Alternative Right of Redemption)*, which found that foreclosure was appropriate and that the Treasurer had invoked the alternative redemption period of R.C. 323.78; and (2) *Order to Sheriff: Order of Direct Transfer to CCLRC Pursuant to R.C. 323.65(J); 323.78 with Alternative Right of Redemption*, which ordered the Sheriff to issue a deed transferring the Gutta Property to the Land Bank.

30. Pursuant to the *Adjudication of Foreclosure* and the *Order to Sheriff*, the Cuyahoga County Sheriff issued a deed transferring the Property to the Land Bank.

31. The difference between the certified value of the Gutta Property at the commencement of the Gutta Foreclosure Case and the amount of the impositions on the Gutta Property was $60,489.70. However, Denise Gutta did not receive any compensation in connection with that amount of equity in the Gutta Property.

32. As a result of the proceedings in the Gutta Foreclosure Case described above, Denise Gutta has been denied title, possession, use, and enjoyment of the Gutta Property, which was taken by the County for public use without just compensation as required by the Fifth Amendment to the United States Constitution—as applied to the County under the Fourteenth Amendment to the United States Constitution—and as required by Article 1, Section 19 of the Ohio Constitution.

## VI. CLASS ACTION ALLEGATIONS

21. Plaintiffs bring this action pursuant to Fed R. Civ. P. 23 on behalf of a class of all similarly situated individuals and entities (the "Class"), defined as follows:

> All persons whose interest in real property located in Cuyahoga County, Ohio was directly transferred to another entity through the invocation and use of the procedures set forth in R.C. 323.78, where the total value of that property exceeded the amount of the impositions on that property at the time the transfer occurred.

Excluded from the Class are: (1) Defendant; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

22. **Numerosity**: Upon information and belief, the Class is so numerous that joinder of all members is impractical. Although Plaintiffs do not know the exact size of the Class at this time, Plaintiffs estimate the number of Class members to exceed 7,000 based on information available in the public record. The exact number of members in the Class can be ascertained through discovery and can easily be identified through Defendant's records or by other means.

23. **Commonality and Predominance**: All members of the Class have been subject to and affected by a uniform course of conduct. Specifically, all Class members' real property was taken from them without payment of any compensation for the amount that the value of their properties exceeded the impositions due on their properties. There are questions of law and fact common to the proposed Class that predominate over any individual questions.

24. **Typicality**: Plaintiffs' claims are typical of the Class. Plaintiffs' and Class members' claims arise from the same type of foreclosure proceedings before the Board of Revision instituted under the same statutory provisions.

25. **Adequacy**: Plaintiffs will adequately represent the interests of the Class and do not have any interests adverse to the Class. Plaintiffs have retained competent counsel experienced in complex class action litigation.

26. **Superiority**: A class action is the superior method for the quick and efficient adjudication of this controversy. As noted above, Plaintiffs' and Class members' claims are all based on the same legal and factual issues. If individual Class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct.

**COUNT I**
**42 U.S.C. § 1983**

27. Plaintiffs repeat and reallege paragraphs 1-26 with the same force and effect as though fully set forth herein.

28. At all relevant times, the County was a "person" as interpreted in 42 U.S.C. § 1983.

29. At all relevant times, there was in effect 42 U.S.C. § 1983, which states in relevant part:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

30. The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty or property, without due process of law."

31. The Fifth Amendment's "Takings Clause" of the United States Constitution states that "nor shall private property be taken for public use, without just compensation." The Takings Clause is made applicable to the County by way of the Fourteenth Amendment to the United States Constitution.

32. At all relevant times, the County had a duty and obligation to comply with the U.S. Constitution when conducting foreclosure proceedings pursuant to the Statute.

33. Plaintiffs and Class members each owned private property protected from public taking without just compensation by the Fifth Amendment to the United States Constitution.

34. Plaintiffs' and Class members' real property was directly transferred pursuant to R.C. 323.78.

35. At the time Plaintiffs' and Class members' real property was directly transferred pursuant to R.C. 323.78, the value of that property exceeded the amount of impositions on that property.

36. When Plaintiffs' and Class members' real property was directly transferred pursuant to R.C. 323.78, Plaintiffs and Class members did not receive any compensation to account for the amount that the value of their properties exceeded the amount of impositions on their properties.

37. Accordingly, through the use of the direct transfer mechanism of R.C. 323.78, Defendant, acting under color of law, took Plaintiffs' and Class members' property without just compensation.

38. As a direct and proximate result of Defendant's actions, Plaintiffs and the Class have been damaged in the amount by which the value of each property so transferred exceeded the total amount of the impositions attributable to that property.

## COUNT II
### Art. I, Section 19 of the Ohio Constitution

39. Plaintiffs repeat and reallege paragraphs 1-26 with the same force and effect as though fully set forth herein.

40. Pursuant to Article 1, Section 19 of the Ohio Constitution "where private property shall be taken for public use, a compensation therefor shall first be made in money."

41. At all relevant times, the County had a duty and obligation to comply with the Ohio Constitution when conducting foreclosure proceedings pursuant to the Statute.

42. Plaintiffs and Class members each owned private property protected from public taking without just compensation by Article 1, Section 19 of the Ohio Constitution.

43. Plaintiffs' and Class members' real property was directly transferred pursuant to R.C. 323.78.

44. At the time Plaintiffs' and Class members' real property was directly transferred pursuant to R.C. 323.78, the value of that property exceeded the amount of impositions on that property.

45. When Plaintiffs' and Class members' real property was directly transferred pursuant to R.C. 323.78, Plaintiffs and Class members did not receive any compensation to

account for the amount that the value of their properties exceeded the amount of impositions on their properties.

46. Accordingly, through the use of the direct transfer mechanism of R.C. 323.78, Defendant took Plaintiffs' and Class members' property without just compensation.

47. None of the property directly transferred by Defendant pursuant to R.C. 323.78 was taken in time of war or for any other public exigency imperatively requiring its immediate seizure, or for the purpose of making or repairing roads.

48. As a direct and proximate result of Defendant's actions, Plaintiffs and the Class have been damaged in the amount by which the value of each property so transferred exceeded the total amount of the impositions attributable to that property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of the Class, pray for an Order as follows:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, and certifying the Class defined herein;

B. Designating Plaintiffs as representative of the Class and their undersigned counsel as Class Counsel;

C. Entering judgment in favor of Plaintiffs and the Class and against Defendant;

D. Issuing an order awarding Plaintiffs and Class members their damages as requested herein, plus interest as provided for by applicable law;

E. Ordering Defendant to provide an accounting of the amount by which the value of each property so transferred exceeded the total amount of the impositions attributable to that property, and imposing a constructive trust on that money for the benefit of Plaintiffs and the Class;

F. Awarding Plaintiffs reasonable attorney's fees and costs; and

G. Granting all such further and other relief as the Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs and the Class demand a trial by jury on all issues so triable.

                Respectfully Submitted,

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Emily White (0085662)
DannLaw
P.O. Box. 6031040
Cleveland, Ohio 44103
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

Charles Gruenspan (009852)
Charles Gruenspan Co., LPA
601 Commerce Park Square Four
23240 Chagrin Blvd.
Cleveland, OH 44122
(216) 595-6300 telephone
(216) 595-6307 facsimile
*cgruenspanlpa@gmail.com*

Andrew M. Engel (0047371)
(*pro hac vice anticipated*)
Andrew M. Engel Co., LPA
7925 Paragon Road
Dayton, Ohio 45459
(937) 221-9819 telephone
(937) 433-1510 facsimile
*aengel@amengellaw.com*

Thomas A. Zimmerman, Jr.
(*pro hac vice anticipated*)
Matthew C. De Re
(*pro hac vice anticipated*)
Zimmerman Law Offices, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com

*firm@attorneyzim.com*

*Counsel for Plaintiffs and the Putative Class*