**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| TARRIFY PROPERTIES, LLC, *et al.*, | CASE NO. 1:19-CV-002293-JG |
| Plaintiff, | JUDGE JAMES GWIN |
| v. | **DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| CUYAHOGA COUNTY, OHIO, | |
| Defendant. | **[JURY DEMAND ENDORSED HEREON]** |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Cuyahoga County, Ohio, hereby submits the following Answer to the Plaintiffs' First Amended Complaint filed on December 2, 2019 (Doc. #20). This Answer is being submitted without waiving any defenses under Rule 12(b) and (c) that were the subject of Defendant's previously-filed Motion to Dismiss and the defenses that will be separately presented in Defendant's Motion to Dismiss the Amended Complaint and/or for Judgment on the Pleadings, which will be filed on or before the Court's deadline of December 20, 2019. All allegations not expressly admitted herein are denied.

**ANSWER**

Defendant Cuyahoga County (the "County" or "Defendant") hereby answers the allegations of the numbered paragraphs of the Plaintiff's Amended Complaint as follows:

[INTRODUCTION]

1. The allegations of Paragraph 1 of the First Amended Complaint are denied.

[PARTIES]

2. Upon information and belief, Defendant admits that Tarrify Properties, LLC is an Ohio limited liability company that is registered with the Ohio Secretary of State, but denies the remaining allegations of Paragraph 2 of the First Amended Complaint for lack of information and knowledge.

3. Defendant denies the allegations of Paragraph 3 of the First Amended Complaint for lack of information and knowledge.

4. Defendant admits that Cuyahoga County is a political subdivision of the State of Ohio, and has all powers, rights, and privileges granted by the Ohio Constitution, the Ohio Revised Code, the Charter of Cuyahoga County, and all other applicable laws. Except as expressly admitted herein, the allegations of Paragraph 4 of the First Amended Complaint are denied.

5. Defendant admits that this cause of action has been filed under 42 U.S.C. § 1983, but denies that the Court has subject matter jurisdiction over this case and denies that the Plaintiffs have a valid cause of action under 42 U.S.C. § 1983.

6. Defendant admits that the Northern District of Ohio is the proper venue under 28 U.S.C. § 1391, but denies that the Court has subject matter jurisdiction over this case and denies the County engaged in any conduct that can give rise to a valid claim for relief.

[LEGAL BACKGROUND]

7. The allegations of Paragraph 7 of the First Amended Complaint are admitted. The relevant statutes, as amended, speak for themselves and are set forth in Sections 323.65 through 323.79 of the Ohio Revised Code. Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

8. The allegations of Paragraph 8 of the First Amended Complaint are denied. O.R.C. § 323.66 speaks for itself, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

9. The allegations of Paragraph 9 of the First Amended Complaint are denied. The relevant statutes speak for themselves, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

10. The allegations of Paragraph 10 of the First Amended Complaint are denied. The relevant statutes speak for themselves, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

11. The allegations of Paragraph 11 of the First Amended Complaint are denied. The relevant statutes speak for themselves, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code. Answering further, Defendant denies that the County is exercising "eminent domain power" when it enforces the tax foreclosure laws established by the Ohio General Assembly for abandoned, tax delinquent lands under R.C. 323.65 through R.C. 323.79.

12. The allegations of Paragraph 12 of the First Amended Complaint are denied. The relevant statutes speak for themselves, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

13. The allegations of Paragraph 13 of the First Amended Complaint are denied. The language of Ohio Revised Code 323.78 speaks for itself, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

14. The allegations of Paragraph 14 of the First Amended Complaint are denied. The language of Ohio Revised Code 323.78 speaks for itself, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

15. The allegations of Paragraph 15 of the First Amended Complaint are denied.

[FACTUAL ALLEGATIONS]

16. Defendant admits that the Cuyahoga County Board of Revision (the "Board of Revision") is an administrative board that was created by O.R.C. 5715.01(B). Except as admitted herein, the remaining allegations of Paragraph 16 of the First Amended Complaint are denied. The language of Ohio Revised Code 5715.02 speaks for itself, and Defendant denies any allegations that conflict with the plain language of the Ohio Revised Code.

17. Defendant admits that the Cuyahoga County Land Reutilization Corporation (the "Land Bank") is a not-for-profit corporation that was organized under Ohio Revised Code Chapter 1724 for the purpose of facilitating the reclamation, rehabilitation, and reutilization of vacant, abandoned, tax-foreclosed or other real property within Cuyahoga County. Defendant further admits that the Land Bank was incorporated by the County in 2009 upon a resolution adopted by the Cuyahoga County Board of Commissioners for the purposes set forth in R.C. 1724.01. Except as admitted herein, the remaining allegations contained in Paragraph 17 of the First Amended Complaint are denied.

18. Defendant admits that the Cuyahoga County Board of Commissioners adopted the Resolution that is referenced in Paragraph 18 and Exhibit A of the First Amended Complaint. The Resolution speaks for itself, and Defendant denies any allegations that are inconsistent with the Resolution when read as a whole.

19. Defendant admits that the Cuyahoga County Board of Commissioners adopted the Resolution that is referenced in Paragraph 19 and Exhibit B of the First Amended Complaint, and that the Land Bank and the County entered into the Agreement that is attached to that Resolution. The Resolution speaks for itself, and Defendant denies any allegations that are inconsistent with the documents when read as a whole.

20. Defendant denies the allegations of Paragraph 20 of the First Amended Complaint, which purports to summarize the Agreement entered into between the Land Bank and the County, and Defendant denies the allegations to the extent they vary from the written document.

21. Defendant denies the allegations contained in Paragraph 21 of the First Amended Complaint.

22. Defendant admits that, in accordance with the requirements of R.C. 1724.03, the Cuyahoga County Treasurer is a member of the board of directors of the Land Bank. Except as admitted herein, the remaining allegations contained in Paragraph 22 of the First Amended Complaint are denied.

23. Defendant admits that R.C. 323.25 grants the County Treasurer with the authority to enforce the tax laws by filing a foreclosure action in the court of common pleas of the county, in a municipal court with jurisdiction, or in the county board of revision with jurisdiction pursuant to Section 323.66 of the Ohio Revised Code. The tax foreclosure proceeding is prosecuted by the County Prosecutor's office in the name of the County Treasurer in the same manner as any other county in the State of Ohio. The number of tax foreclosure cases that have been commenced since 2011 is unknown. Except as admitted herein, the allegations of Paragraph 23 of the First Amended Complaint are denied.

24. The allegations of Paragraph 24 of the First Amended Complaint are denied.

25. The allegations of Paragraph 25 of the First Amended Complaint are denied.

26. Defendant admits that an order entitled, Adjudication of Foreclosure, is typically issued by the Board of Revision if the statutory requirements for foreclosure have been met. Such order is subject to *de novo*, judicial review under R.C. 323.79. Except as admitted herein, the allegations of Paragraph 26 of the First Amended Complaint are denied.

27. The allegations of Paragraph 27 of the First Amended Complaint are denied.

[FACTS RELEVANT TO PLAINTIFFS]

28. Defendant admits that, on August 23, 2018, the Cuyahoga County Treasurer commenced a tax foreclosure proceeding under R.C. 323.65 through R.C. 323.79 against Tarrify Properties, LLC, and other named Defendants, that was assigned Case No. BR-18-017485. The subject property comprised of a single parcel, Parcel No. 138-13-001, that was certified as tax delinquent in 2015. Except as admitted herein, the allegations of Paragraph 28 of the Complaint are denied.

29. The allegations of Paragraph 29 of the First Amended Complaint are denied.

30. The allegations of Paragraph 30 of the First Amended Complaint are denied.

31. Defendant admits the Board of Revision issued an Adjudication of Foreclosure and Order to Sheriff on June 3, 2019 (the "BOR Orders in Case No. BR-18-017485"). Copies of the BOR Orders in Case No. BR-18-017485 are attached to Defendants' Motion to Dismiss and/or for Judgment on the Pleadings, filed on October 23, 2019. Both orders speak for themselves, and Defendant denies any allegations that are inconsistent with the orders when read as a whole. Except as admitted herein, the allegations of Paragraph 31 of the First Amended Complaint are denied.

32. Defendant admits that, after the 28-day alternative redemption period expired, the Cuyahoga County Sheriff recorded a deed on or about July 15, 2019, in accordance with the BOR Orders in Case No. BR-18-017485, that transferred Parcel No. 138-13-001 to the Cuyahoga Land Bank. Such transfer occurred in accordance with the statutory requirements of the Ohio Revised Code and only after Tarrify Properties had already lost all right, interest, and title in Parcel No. 138-13-001 under R.C. 323.78. Except as admitted herein, the allegations of Paragraph 32 of the First Amended Complaint are denied.

33. The allegations of Paragraph 33 of the First Amended Complaint are denied. Answering further, Defendants deny that Plaintiff Tarrify Properties, LLC is entitled to any compensation, as alleged in Paragraph 33.

34. Defendant admits that Plaintiff Tarrify Properties has lost all title, interest, and rights in Parcel No. 138-13-001 as a result of the tax foreclosure proceedings described above that were lawfully filed and prosecuted under Ohio Revised Code 323.65 through 323.79, but specifically denies that the County's lawful prosecution of Ohio's tax foreclosure laws constitutes a "taking" within the meaning of the Fifth and Fourteenth Amendments of the United States Constitution and/or Article I, Section 19 of the Ohio Constitution. Except as admitted herein, the remaining allegations of Paragraph 34 of the First Amended Complaint are denied.

35. Defendant admits that, on July 28, 2016, the Cuyahoga County Treasurer commenced a tax foreclosure proceeding under R.C. 323.65 through R.C. 323.79 against Denise Gutta and other named Defendants, that was assigned Case No. BR-16-012232. The subject property comprised of a single parcel, Parcel No. 111-08-010, that was certified as tax delinquent in 2013. Except as admitted herein, the allegations of Paragraph 35 of the First Amended Complaint are denied.

36. The allegations of Paragraph 36 of the First Amended Complaint are denied.

37. The allegations of Paragraph 37 of the First Amended Complaint are denied.

38. Defendant admits the Board of Revision issued an Adjudication of Foreclosure and Order to Sheriff on November 4, 2016 (the "BOR Orders in Case No. BR-16-012232"). A copy of the BOR Orders in Case No. BR-16-012232 are attached to Defendants' Motion to Dismiss and/or for Judgment on the Pleadings filed on October 23, 2019. Both orders speak for themselves, and Defendant denies any allegations that are inconsistent with the orders when read as a whole. Except as admitted herein, the allegations of Paragraph 38 of the First Amended Complaint are denied.

39. Defendant admits that, after the 28-day alternative redemption period expired, the Cuyahoga County Sheriff issued a deed on or about December 16, 2016, that was recorded in early January 2017, in accordance with the BOR Orders in Case No. BR-16-012232, that transferred Parcel No. 111-08-010 to the Cuyahoga Land Bank. Such transfer occurred in accordance with the statutory requirements of the Ohio Revised Code, and only after Plaintiff Denise Gutta had already lost all right, interest, and title in Parcel No. 111-08-010 under R.C. 323.78. Except as admitted herein, the allegations of Paragraph 39 of the First Amended Complaint are denied.

40. The allegations of Paragraph 40 of the First Amended Complaint are denied. Answering further, Defendants deny that Plaintiff Denise Gutta is entitled to any compensation, as alleged in Paragraph 40.

41. Defendant admits that Plaintiff Denise Gutta lost all title, interest, and rights in Parcel 111-08-010 as a result of the tax foreclosure proceedings that were lawfully filed and prosecuted under Ohio Revised Code 323.65 through 323.79, but specifically denies that the County's lawful prosecution of Ohio's tax foreclosure laws constitutes a "taking" within the

8

meaning of the Fifth and Fourteenth Amendments of the United States Constitution and/or Article I, Section 19 of the Ohio Constitution. Except as admitted herein, the remaining allegations of Paragraph 41 of the First Amended Complaint are denied.

[CLASS ACTION ALLEGATIONS]

42. The allegations of Paragraph 42 of the First Amended Complaint are denied.

43. The allegations of Paragraph 43 of the First Amended Complaint are denied.

44. The allegations of Paragraph 44 of the First Amended Complaint are denied.

45. The allegations of Paragraph 45 of the First Amended Complaint are denied.

46. The allegations of Paragraph 46 of the First Amended Complaint are denied.

47. The allegations of Paragraph 47 of the First Amended Complaint are denied.

[COUNT I]

48. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 47 of the First Amended Complaint as if fully rewritten herein.

49. The allegations of Paragraph 49 of the First Amended Complaint state a legal conclusion for which no response is required. The County admits that it is a "person" within the meaning of 42 U.S.C. § 1983, but denies that it is liable for any claims alleged under 42 U.S.C. § 1983.

50. The allegations of Paragraph 50 of the First Amended Complaint state a legal conclusion for which no response is required. The County denies any liability for any claims alleged under 42 U.S.C. § 1983.

51. The allegations of Paragraph 51 of the First Amended Complaint state a legal conclusion for which no response is required. The County denies that it has deprived the Plaintiffs of any liberty or property interests without due process of law.

52. The allegations of Paragraph 52 of the First Amended Complaint state a legal conclusion for which no response is required. The County denies that the lawful enforcement of Ohio's tax foreclosure laws constitutes a "taking" within the meaning of the Fifth and Fourteenth Amendments of the United States Constitution.

53. The allegations of Paragraph 53 of the First Amended Complaint state a legal conclusion for which no response is required. The County denies that the lawful enforcement of Ohio's tax foreclosure laws constitutes a "taking" within the meaning of the Fifth and Fourteenth Amendments of the United States Constitution.

54. The allegations of Paragraph 54 of the First Amended Complaint are denied.

55. The allegations of Paragraph 55 of the First Amended Complaint are denied.

56. The allegations of Paragraph 56 of the First Amended Complaint are denied.

57. The allegations of Paragraph 57 of the First Amended Complaint are denied. Answering further, Defendant denies that any Plaintiff is entitled to compensation, as alleged in Paragraph 57.

58. The allegations of Paragraph 58 of the First Amended Complaint are denied.

59. The allegations of Paragraph 59 of the First Amended Complaint are denied.

[COUNT II]

60. Defendant hereby incorporates by reference its answers to Paragraphs 1 through 47 of the First Amended Complaint as if fully rewritten herein.

61. The allegations of Paragraph 61 of the First Amended Complaint state a legal conclusion for which no response is required. Article I, Section 19 of the Ohio Constitution speaks for itself, and Defendant denies any allegations that are consistent with language of the Section

when read as a whole. Answering further, Defendant denies that there has been any "taking" within the meaning of Article I, Section 19 of the Ohio Constitution.

62. The allegations of Paragraph 62 of the First Amended Complaint state a legal conclusion for which no response is required. The County denies that the lawful enforcement of Ohoi's tax foreclosure laws constitutes a "taking" within the meaning of the Ohio Constitution.

63. The allegations of Paragraph 63 of the First Amended Complaint are denied.

64. The allegations of Paragraph 64 of the First Amended Complaint are denied.

65. The allegations of Paragraph 65 of the First Amended Complaint are denied.

66. The allegations of Paragraph 66 of the First Amended Complaint are denied.

67. The allegations of Paragraph 67 of the First Amended Complaint are denied. Answering further, Defendant denies that any Plaintiff is entitled to compensation, as alleged in Paragraph 67.

68. The allegations of Paragraph 68 of the First Amended Complaint are denied.

69. The allegations of Paragraph 69 of the First Amended Complaint are denied.

[PRAYER FOR RELIEF]

70. Defendant denies that Plaintiffs are entitled to any of the relief set forth in the Prayer for Relief of the First Amended Complaint.

**AFFIRMATIVE DEFENSES**

Subject to the foregoing and without waiving any rights or defenses that may be applicable to this case, Defendant hereby states that the following defenses may be applicable, in whole or in part, to this case:

71. The Court lacks subject matter jurisdiction over the First Amended Complaint, in whole or in part, under the Tax Injunction Act and principles of comity, which bar federal courts

11

from hearing and deciding claims arising from tax foreclosure proceedings and/or relating to the collection of taxes.

72. Plaintiffs' claims fail to state a claim upon which relief can be granted.

73. The County's lawful enforcement of Ohio's tax foreclosure laws does not constitute a taking within the meaning of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 19 of the Ohio Constitution.

74. Count I does not state a valid cause of action for damages against Cuyahoga County because the County has not deprived the Plaintiffs of any "property interest" without due process of law or within the meaning of the Takings Clause.

75. Count II does not state a valid cause of action for damages because Article I, Section 19 of the Ohio Constitution does not create a cause of action for damages, and because the remedy for an alleged involuntary taking under Ohio law is a petition for writ of mandamus.

76. The actions taken by County in were not the actual or proximate cause of the Plaintiffs' alleged damages.

77. Plaintiffs' alleged damages were caused by, and resulted from, their own illegal conduct, their failure to comply with the applicable tax statutes, their failure to pay the applicable taxes, penalties and other impositions, their failure to exercise their statutory rights of redemption, and their failure to contest the foreclosure orders in the board of revision proceedings and/or via the filing of a timely administrative appeal under R.C. 323.79 and R.C. Chapters 2505 and 2506.

78. Plaintiffs' claims are barred, in whole or in part, by the failure to mitigate damages.

79. Plaintiffs' claims are bared, in whole or in part, by the failure to exhaust all available administrative and judicial remedies.

12

80. Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res judicata* and the doctrine of claim preclusion.

81. Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel and the doctrine of issue preclusion.

82. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

83. Plaintiffs' claims are barred, in whole or in part, by the affirmative defenses of waiver and laches.

84. Plaintiffs are not entitled to mandamus, injunctive, or equitable relief because they cannot show the lack of an adequate remedy at law.

85. Any challenge to the transfer of property under R.C. 323.78 is moot and cannot be remedied by this Court.

## **PRAYER FOR RELIEF**

Having answered Plaintiffs' First Amended Complaint, Defendant Cuyahoga County, Ohio respectfully requests that the Court dismiss this entire action and enter a final judgment in Defendant's favor. Defendant further requests that the Court award the costs, including reasonable attorney fees, incurred with the defense of this action under 42 U.S.C. § 1988 and other applicable law, and any other relief that would be just and equitable under the circumstances.

Respectfully submitted,

| | |
|---|---|
| /s/  *David G. Lambert* | /s/  *Stephen W. Funk* |
| David G. Lambert (0030273) | Stephen W. Funk (0058506) |
| Charles Hannan (0037153) | Emily Anglewicz (0083129) |
| Adam Jutte (0081671) | Roetzel & Andress, LPA |
| Assistant Prosecuting Attorneys | 222 South Main Street |
| The Justice Center, Courts Tower, 8th Floor | Akron, OH 44308 |
| 1200 Ontario Street | Telephone:  (330) 376-2700 |
| Cleveland, Ohio 44113 | Facsimile:   (330) 376-4577 |
| Tel: (216) 443-7758/Fax: (216) 443-7602 | E-mail:  sfunk@ralaw.com |
| dlambert@prosecutor.cuyahoga.us |          eanglewicz@ralaw.com |
| channan@prosecutor.cuyahogacounty.us | |
| ajutte@prosecutor.cuyahogacounty.us | *Attorneys for Defendant* |
| | *Cuyahoga County, Ohio* |

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Defendant hereby demands a trial by jury on any legal claim that may be subject to a jury trial under applicable law.

/s/ *Stephen W. Funk*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of December, 2019, the foregoing Defendant's Answer to Plaintiffs' First Amended Complaint was electronically filed via the Court's electronic filing system. Service was accomplished upon Plaintiffs' counsel of record via the Court's electronic filing system in accordance with Fed. R. Civ. P. 5(b)(3).

*/s/ Stephen W. Funk*