UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
TARRIFY PROPERTIES, LLC, *et al.*, :
: Case No. 1:19-cv-2293
        Plaintiffs, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 29]
CUYAHOGA COUNTY, OHIO, :
        Defendant. :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs failed to pay taxes on their property.[1] The Cuyahoga County Treasurer prosecuted a tax foreclosure against the properties and then transferred the properties to a land reutilization corporation.[2] Plaintiffs allege that the value of their property exceeded the taxes owed and that Defendant Cuyahoga County violated the federal and state Takings Clauses when the County transferred that property without providing compensation for the value that exceeded the tax liabilities.[3]

Defendant moved to dismiss, arguing that the Court does not have jurisdiction over the controversy and that Plaintiffs do not state valid claims.[4]

For the following reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss.

---

[1] Docs. 29-7, 29-8.
[2] Docs. 29-1, 29-2, 29-5, 29-6, 29-9, 29-10.
[3] Doc. 20 at 11-13.
[4] Doc. 29.

Case No. 1:19-cv-2293
Gwin, J.

## I. Background

### a. Ohio's property-transfer mechanism

This case involves an Ohio procedure giving Counties an ability to transfer tax-delinquent properties to third-parties even though the procedure collects no taxes in the transfer and even though property owners have equity in the properties. Under this procedure, a county treasurer or county auditor creates a list of properties the treasurer or auditor claims have been abandoned.[5] A county treasurer may then file a complaint with the county board of revision to foreclose on listed properties[6]

Usually, when the taxes owed on the properties are less than the parcel's fair market value, the board of revision can put the property up for public auction.[7] If the auction sale price exceeds the taxes and liens owed, the balance goes to the owner.

This case involves a different Ohio procedure. As an alternative to recovering owed taxes through a foreclosure sale, Ohio law allows the transfer of properties with tax liabilities to a public-purpose entity. And Ohio law allows this transfer to an unrelated party even with small tax liabilities and large property owner equity.

Under this foreclosure alternative, the county land reutilization corporation gives the county treasurer or board of revision notice that it wants to acquire a tax-owing parcel.[8]

---

[5] Ohio Rev. Code § 323.67. "Abandoned land" is defined as "delinquent lands or delinquent vacant lands, including any improvements on the lands, that are unoccupied" and appear on certain compiled lists. Ohio Rev. Code § 323.65(A). One such list includes lands "on which taxes have become delinquent." Ohio Rev. Code § 5721.03.
[6] Ohio Rev. Code § 323.69(A). Ohio Rev. Code § 323.66 permits a county board of revision to "foreclose the state's lien for real estate taxes upon [the] abandoned land" "[i]n lieu of utilizing the judicial foreclosure proceedings."
[7] Ohio Rev. Code § 323.71(A).
[8] *See* Ohio Rev. Code § 323.77.

Case No. 1:19-cv-2293
Gwin, J.

The treasurer may invoke the "alternative redemption period."[9] Invoking this period requires the county board of revision,

> upon adjudication of foreclosure, [to] order . . . that the equity of redemption and any statutory or common law right of redemption in the parcel by its owner shall be forever terminated after [28 days] and that the parcel shall be transferred by deed directly to the requesting [Land Bank] without appraisal and without sale, free and clear of all impositions and any other liens on the property, which shall be deemed forever satisfied and discharged.[10]

The transfer order is self-executing; "[n]o further act of confirmation or other order shall be required for such a transfer."[11]

### b. Plaintiff's foreclosures

Plaintiffs Tarrify Properties ("Tarrify") and Denise Gutta owned real property in Cuyahoga County.[12] The Tarrify Properties real property involved commercial real estate that once hosted a Kentucky Fried Chicken franchise location. The Gutta real property involved a home. Both Plaintiffs were delinquent in property tax payments on those properties.[13] In July 2016, Defendant Cuyahoga County foreclosed on Gutta's property.[14] In August 2018, Defendant foreclosed on Tarrify's property.[15]

In both cases, the Cuyahoga County Board of Revision determined that the properties were "abandoned land" as defined in Ohio Revised Code § 323.65.[16] And in

---

[9] Ohio Rev. Code § 323.78.
[10] Ohio Rev. Code § 323.78(B); *see also* Ohio Rev. Code § 323.65(J) (defining "alternative redemption period").
[11] Ohio Rev. Code § 323.78(B).
[12] Docs. 29-7, 29-8.
[13] Docs. 29-7, 29-8.
[14] Docs. 29-2, 29-6.
[15] Docs. 29-1, 29-5.
[16] Ohio Rev. Code § 323.65(A) provides that "'Abandoned land' means delinquent lands or delinquent vacant lands, including any improvements on the lands, that are unoccupied and that first appeared on [a compiled list] or the delinquent tax list or delinquent vacant land tax list . . . ."

-3-

Case No. 1:19-cv-2293
Gwin, J.

both cases the Board of Revision ordered the abandoned properties' transfer to the Cuyahoga County Land Reutilization Corporation (the "Land Bank").[17]

On October 1, 2019, Plaintiffs sued Defendant Cuyahoga County on behalf of themselves and those similarly situated.[18] Plaintiffs contend that the delinquent taxes owed on the properties were substantially less than the value of the properties.[19] In Count I, Plaintiffs argue that Defendant violated their federal constitutional rights when the County Board of Revision transferred the properties to the Land Bank without providing compensation for the excess property value.[20] And in Count II, Plaintiffs argue that the transfer also violated their state constitutional rights.[21]

On December 18, 2019, Defendant moved to dismiss the suit.[22] Plaintiffs oppose.[23]

## II. Analysis

### a. Comity does not bar this suit.

Defendant Cuyahoga County argues that comity should stop this Court from adjudicating Plaintiffs' action.[24]

---

[17] Docs. 29-9, 29-10.
[18] Doc. 1. On December 2, 2019, Plaintiffs amended their complaint. Doc. 20.
[19] Doc. 20 at 11-13. Plaintiff Tarrify claims that it owed $18,638.45 on a property worth $176,800.00, and Plaintiff Gutta claims she owed $7,510.30 on a property worth $68,000.00. *Id.* at 7-8.
[20] Doc. 20; U.S. Const. amend. V ("[N]or shall private property be taken for public use, without just compensation.")
[21] Doc. 20; Ohio Const. art. I, § 19 ("[W]here private property shall be taken for public use, a compensation therefor shall first be made in money.").
[22] Doc. 29.
[23] Doc. 30. Defendant replied. Doc. 32.
[24] Doc. 29 at 13. Defendant also argues that the Tax Injunction Act, 28 U.S.C. § 1341, prohibits this Court from exercising jurisdiction. But Plaintiffs seek only monetary damages, while the Tax Injunction Act limits jurisdiction over actions seeking injunctive and declaratory relief. *See Wayside Church v. Van Buren County*, 847 F.3d 812, 822 (6th Cir. 2017) (citing *Nat'l Private Truck Council, Inc. v. Okla. Tax Comm'n*, 515 U.S. 582, 586-87 (1995)). The Tax Injunction Act's limit on jurisdiction is not applicable here. But even if it were, "only one analysis is required" to review the Tax Injunction Act and comity's limit on jurisdiction. *Id.* As discussed below, the principle of comity does not bar the Court from reviewing this case, so the Tax Injunction Act would not either.

-4-

Case No. 1:19-cv-2293
Gwin, J.

Comity is a federal common-law doctrine that "governs constitutional challenges to state tax administration."[25] When applied, comity "prohibits 'taxpayers . . . from asserting § 1983 actions against the validity of state tax systems in [the lower] federal courts.'"[26]

Plaintiffs argue that comity does not stop this case because Plaintiffs do not challenge the state's tax administration.[27] They also argue that the County was not exercising a tax authority when it transferred the properties.[28]

Defendant counters that the foreclosure-transfer mechanism is part of the state's tax administration as "a statutory remedy provided by the General Assembly for the failure to pay real estate taxes."[29] Defendant suggests that this remedy "is specifically designed to collect outstanding property taxes because [the statute] specifically provide[s] a delinquent property owner with *numerous opportunities* to retain their ownership of the property by paying their taxes."[30]

Defendant's argument is unavailing.[31] The transfer is not part of the County's tax administration because the County does not collect any tax when it transfers a property. It does the opposite. By statute, when the County transfers properties under property-transfer mechanism, the County forfeits any right to collect delinquent taxes when it transfers the property, as "all impositions and any other liens on the property [are] deemed forever

---

[25] *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 541 (6th Cir. 2004).
[26] *Id.* (alterations in original) (quoting *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981)).
[27] Doc. 30 at 9.
[28] *Id.*
[29] Doc. 32 at 5.
[30] *Id.* (emphasis in original). Doc. 32 at 5.
[31] Defendant suggests that *Wayside Church* controls this issue. *See Wayside Church v. Van Buren County*, 847 F.3d 812 (6th Cir. 2017). But *Wayside Church* involved challenges to the tax sale of properties, not transfers without any sale.

-5-

Case No. 1:19-cv-2293
Gwin, J.

satisfied and discharged."[32] The property-transfer mechanism stops tax collection from both the entity taking the property and from the earlier owner who owed the taxes. A remedy that waives tax payments is not so imbedded within a state's tax system to be isolated from federal courts' review.

The transfer is a land redevelopment program that gives tax-delinquent properties to non-governmental entities.[33] The Court has jurisdiction to consider the constitutionality of these transfers.

### b. Res judicata does not bar this suit.

Defendant County next argues that the doctrine of res judicata stops Plaintiffs' claims.[34] The res judicata doctrine states that "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[35] Applied here, the County argues that Plaintiffs could have raised takings arguments in appeals from the foreclosure proceedings. By failing to do so, the County argues, Plaintiffs have given up their right to contest the transfer.

Ohio law has four res judicata elements:

(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been

---

[32] Ohio Rev. Code § 323.78(B). *See also Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 10 (2015) ("'[C]ollection' is the act of obtaining payment of taxes due.").

[33] The act creating the foreclosure-transfer mechanism described its purpose as "facilitat[ing] the reclamation, rehabilitation, and reutilization of vacant, abandoned, tax-foreclosed, or other real property." 127th General Assembly, SB 353, eff. April 7, 2009.

[34] Doc. 29 at 17.

[35] *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995); *see also Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (requiring the application of Ohio law for res judicata and citing *Grava*, 653 N.E.2d at 229).

-6-

Case No. 1:19-cv-2293
Gwin, J.

> litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.[36]

Here, the only final decisions were the Board of Revisions's foreclosure proceedings. The County correctly notes that these administrative proceedings satisfy the first element.[37]

The County also satisfies the second element. In the foreclosure action, the County Treasurer enjoys privity with Cuyahoga County.[38] Ohio applies a broad definition of privity and has stated that that "a mutuality of interest, including an identity of desired result, may create privity."[39] The County Treasurer represents the County when prosecuting the foreclosures. The County Treasurer and the County are in privity.

The third element—whether the issue could have been litigated in the earlier foreclosure action—is also satisfied. Although it is unclear if Plaintiffs could have raised their constitutional claims in the foreclosure proceedings, they could have raised them on appeal. Ohio Revised Code § 323.79 provides that any party "aggrieved in any of the proceedings of the county board of revision . . . may file an appeal in the court of common pleas pursuant to Chapters 2505. and 2506. of the Revised Code." On appeal, the court of common pleas proceeds "de novo and may include issues raised or adjudicated in the proceedings before the county board of revision, as well as other issues that are raised for the first time on appeal."[40] "Res judicata applies to administrative actions, where a party

---

[36] *Hapgood*, 127 F.3d at 493.
[37] *See Carroll v. City of Cleveland*, 522 F. App'x 299, 303-04 (6th Cir. 2013) (citing *Wade v. City of Cleveland*, 456 N.E.2d 829, 831-32 (Ohio 1982)).
[38] *Kirkhart v. Keiper*, 805 N.E.2d 1089, 1092 (Ohio 2004) (applying a "broad definition" of privity and finding that "a mutuality of interest, including an identity of desired result, may create privity" (internal quotation marks omitted)).
[39] *Id.* (internal quotation marks omitted).
[40] Ohio Rev. Code § 323.79.

Case No. 1:19-cv-2293
Gwin, J.

has failed to properly appeal the administrative ruling under R.C. 2506.01."[41] Plaintiffs could have litigated their constitutional claims in a Chapter 2506 appeal, so this element is satisfied.

The fourth element—whether the second action comes out of the transaction or occurrence that was the subject matter of the previous action—is also satisfied. Ohio defines a "transaction" as a "common nucleus of operative facts."[42] Both the foreclosure and this case rely on the same common set of facts, so this element is satisfied.

Still, the Court declines to apply res judicata. "The binding effect of res judicata has been held not to apply when fairness and justice would not support it."[43] The Ohio Supreme Court has cautioned that res judicata "should be applied [to administrative proceedings] with flexibility" and "should be qualified or rejected when its application would contravene an overriding public policy or result in manifest injustice."[44]

It would be manifestly unjust to apply res judicata to this case. Plaintiffs do not challenge the County's right to foreclose on their properties, only the subsequent order to transfer the properties without providing the property owners compensation. The foreclosure proceedings themselves offered no opportunity to challenge the transfer. And it would be inappropriate to block any challenge to the transfer of property worth

---

[41] *Brunswick Hills Twp. Bd. of Trustees v. Ludrosky*, 972 N.E.2d 132, 135 (Ohio Ct. App. 2012).
[42] *Hapgood*, 127 F.3d at 493 (citing *Grava*, 653 N.E.2d at 229).
[43] *State ex rel. Estate of Miles v. Vill. of Piketon*, 903 N.E.2d 311, 317 (Ohio 2009); *see also Davis v. Wal-Mart Stores, Inc.*, 756 N.E.2d 657, 659 (Ohio 2001) ("[T]he doctrine of res judicata is to be applied in particular situations as fairness and justice require, [but] *it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.*") (emphasis in original) (internal quotation marks omitted).
[44] *Jacobs v. Teledyne, Inc.*, 529 N.E.2d 1255, 1259 (Ohio 1988) (citing *Tipler v. E. I. duPont DeNemours & Co.*, 443 F.2d 125, 128 (6th Cir. 1971)).

-8-

Case No. 1:19-cv-2293
Gwin, J.

substantially more than the taxes assessed based solely on the limited foreclosure proceedings.

### c. Plaintiffs have stated a valid claim.

Defendant argues that Plaintiffs have failed to state a takings claim because the County transferred the properties using its tax authority, not its eminent domain power.[45] As the United States Supreme Court has recognized, "[t]he government may not be required to compensate an owner for property which it has already lawfully acquired under the exercise of governmental authority other than the power of eminent domain."[46] But, as noted above, the County did not transfer the property using its tax authority.

Defendant also argues that Plaintiffs' claims must be dismissed because they lost all "right, title, and interest in the foreclosed properties."[47] But Ohio courts have long recognized that property owners retain an equitable right to the surplus value of their property after tax liabiities.[48] Plaintiffs have an equitable right to this value, so this is not a valid grounds for dismissing their claims.

### d. Plaintiffs must seek a writ of mandamus to remedy the state constitutional violation.

In Plaintiffs' Count Two, they claim that the transfer violated Ohio's Constitution.[49] In response to Plaintiffs' Ohio Constitutional claim, Defendant argues that this claim must be dismissed because Ohio law does not provide a private right of action to remedy state

---

[45] Doc. 29 at 20.
[46] *Bennis v. Michigan*, 516 U.S. 442, 452 (1996).
[47] Doc. 29 at 23.
[48] *See, e.g.*, *Villas at East Point Condo. Ass'n v. Strawser*, 142 N.E.3d 1200 (Ohio Ct. App. 2019) (acknowledging lien-holder's equitable interest in surplus proceeds); *Jackson v. Moissis*, 87 N.E.3d 591 (Ohio Ct. App. 2017) (evaluating mortgagee and dower interests in surplus proceeds).
[49] Doc. 20.

-9-

Case No. 1:19-cv-2293
Gwin, J.

constitutional violations.[50] Defendant is correct. The Ohio Supreme Court has stated that, "[w]here a taking is made by the state, the property owner's redress must be obtained by bringing an action in mandamus to compel the director to appropriate the property so taken."[51]

The Court dismisses Count Two.

### e. The statute of limitations bars Plaintiff Gutta's federal claim.

Finally, Defendant argues that Plaintiff Denise Gutta's § 1983 claim should be dismissed because she failed to bring it within the applicable statute of limitations.[52] In the Sixth Circuit, courts look to Ohio law for the applicable statute of limitations in § 1983 cases.[53] And in Ohio, plaintiffs must file claims for property injuries within two years of their accrual.[54] The County foreclosed on Gutta's property on November 2, 2016,[55] and the sheriff transferred her property to the land bank on December 16, 2016.[56] But Plaintiffs did not file this case until October 1, 2019.[57] Plaintiff Gutta's claim is thus barred by the statute of limitations.

## III. Conclusion

Defendant Cuyahoga County was not exercising taxing authority when it transferred Plaintiffs' properties to the Land Bank. Thus the Court has jurisdiction to consider Plaintiffs' 42 U.S.C. §1983 claims based on violations of the federal takings clause. But the

---

[50] Doc. 29 at 24.
[51] *Wilson v. City of Cincinnati*, 175 N.E.2d 725, 728 (1961).
[52] Doc. 29 at 24.
[53] *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997).
[54] *Id.* (citing *Browning v. Pendleton*, 869 F.2d 989, 989 (6th Cir. 1989); Ohio Rev. Code § 2305.10).
[55] Doc. 29-8.
[56] Doc. 29-12.
[57] Doc. 1.

Case No. 1:19-cv-2293
Gwin, J.

statute of limitations bars the Court from considering Gutta's federal claim. Further, Ohio courts have not recognized a common-law cause of action to remedy violations of the Ohio Constitution's taking clause, so the Court dismisses Count Two, Plaintiffs' claim based on the Ohio Constitution.

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's motion to dismiss.

IT IS SO ORDERED.


Dated: July 17, 2020                 *s/      James S. Gwin*
                                             JAMES S. GWIN
                                             UNITED STATES DISTRICT JUDGE