UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------

TARRIFY PROPERTIES, LLC, *et al.*,    :

                              :            Case No. 1:19-cv-2293

       Plaintiffs,           :

                              :

vs.                             :            OPINION & ORDER

                              :            [Resolving Docs. 84, 85, & 86]

CUYAHOGA COUNTY,            :

                              :

       Defendant.          :

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Tarrify Properties, LLC ("Tarrify") failed to pay $35,000 in Cuyahoga County property taxes on a southeast Cleveland commercial property.  For real estate tax purposes, Cuyahoga County had earlier valued this Tarrify property as worth significantly more than the $35,000 tax debt.

The County foreclosed Tarrify's property. But instead of selling it, the County transferred the property to a county-run land bank.  Tarrify received no compensation for any property value exceeding its tax liability.

Tarrify brought a putative class action under 42 U.S.C. § 1983 on behalf of itself and other Cuyahoga County landowners.  Tarrify sought money damages for property value exceeding the tax liability owed on the property.

On December 21, 2020, this Court denied Tarrify's motion to certify a Fed. R. Civ. P. 23(b)(3) class.  On an interlocutory appeal, the Sixth Circuit subsequently affirmed this Court's denial of class certification.[1] Now, Tarrify requests leave to file a second amended

---

[1] Doc. 77, 81, 82.

Case No. 1:19-cv-2293
Gwin, J.

complaint to allow it to seek class certification under a different provision of Rule 23—Fed.

R. Civ. P. 23(b)(1)(A) and 23(b)(2).

For the reasons stated below, the Court **DENIES** Tarrify's motions to amend its

complaint and renew class certification.

## I.    BACKGROUND

The Court has already described this case background in several previous orders,

including its order disposing of Tarrify's initial motion for class certification.[2]

In summary, Tarrify owed $35,000 in property taxes on a property that Cuyahoga

County had valued at $164,700.  Cuyahoga County took the property and gave Tarrify no

compensation for Tarrify's surplus equity.[3]

On October 1, 2019, Tarrify sued Cuyahoga County under 42 U.S.C. § 1983. Tarrify

claims that the County's practice violates the United States Constitution's Fifth and

Fourteenth Amendments.[4]  Tarrify also makes claims under the Ohio Constitution's Eminent

Domain provision.[5]

On December 18, 2019, Cuyahoga County moved to dismiss the amended

complaint.[6]  This Court partially agreed with the County and dismissed Tarrify's Ohio claim.

The Court, however, allowed Tarrify's § 1983 claim to proceed.[7]

---

[2] Doc. 77. *See also* Doc. 51, 79.
[3] The parties dispute the actual value of Tarrify's property, but for purposes of this brief summary, the Court accepts this version of events as the basis for Plaintiff's claim.
[4] Doc. 20.
[5] *Id.*; Ohio Const. Art. I, § 19.
[6] Doc. 29.
[7] Doc. 51.

Case No. 1:19-cv-2293
Gwin, J.

On July 8, 2020, Plaintiff Tarrify filed a timely motion to certify a Rule 23(b)(3) class of Cuyahoga County landowners who have suffered similar purported injuries.[8]

On December 21, 2020, this Court denied Tarrify's certification motion.[9] The Court found that individualized property value determinations and whether those property values exceeded tax liabilities would cause individual issues to dominate over class issues. t[10]

On July 7, 2022, the Sixth Circuit affirmed the Court's class certification denial.[11]

Three weeks later, Tarrify filed its current motions asking for leave to amend its complaint and renew class certification.[12] Tarrify now asks the Court to certify a class "seeking only classwide declaratory relief" under either Rule 23(b)(1)(A) or 23(b)(2).[13] Tarrify also seeks to amend its complaint so that its class allegations will correspond to its new class-certification theory.

Rule 23(b)(1)(A) permits class litigation when individualized litigation would risk creating "incompatible standards of conduct for the party opposing the class."[14] Tarrify argues that, without a class-wide constitution violation judgment, the County risks being found liable for an uncompensated taking in some individual suits but not others.[15]

Alternatively, Rule 23(b)(2) permits class litigation when a defendant has "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or

---

[8] Doc. 50 at 24; Fed. R. Civ. P. 23(b)(3).
[9] Doc. 77.
[10] *Id.*
[11] Doc. 82. *See also* Doc. 81.
[12] Doc. 84.
[13] *Id.* at 6.
[14] Fed. R. Civ. P. 23(b)(1)(A)).
[15] Doc. 84 at 7; *Tyler v. Hennepin Cnty.*, 26 F.4th 789, 793-94 (8th Cir. 2022)).

Case No. 1:19-cv-2293
Gwin, J.

corresponding declaratory relief is appropriate respecting the class as a whole."[16] Tarrify

argues that declaratory relief is appropriate here because obtaining a judgment that the

County's tax scheme is unconstitutional "will provide a common legal basis for all class

members to pursue their individual claims for damages against the County in subsequent

individual actions."[17]

In its opposition to renewing class certification, the County argues that Plaintiff lacks

Article III standing to sue for declaratory relief and cannot represent a class pursuing such

relief.[18] Further, the County argues that certifying a declaratory relief class would be futile

because plaintiffs may not seek declaratory or injunctive relief for takings claims when

monetary damages are available.[19]

The parties also dispute which standard the Court should apply when deciding

whether Tarrify may amend its complaint.[20] However, the Court finds that amendment would

be futile under either party's proffered standard.

## II.       MOTION TO RENEW CLASS CERTIFICATION

### A.  STANDING FOR DECLARATORY RELIEF

Defendant argues that the Court should deny Tarrify's motion to renew class

certification and argues that Tarrify does not have standing to bring a claim for declaratory

relief either individually or on behalf of the class. The Court agrees.

### 1.  LEGAL STANDARD

---

[16] Fed. R. Civ. P. 23(b)(2).
[17] Doc. 84 at 9.
[18] Doc. 85 at 9–11.
[19] *Id.* at 9, 12–13.
[20] Doc. 84 at 10–11, Doc. 85 at 4–8, Doc. 86 at 3–6.

Case No. 1:19-cv-2293
Gwin, J.

### a.  Standing

To satisfy Article III standing, a plaintiff seeking injunctive or declaratory relief "must show that he is under threat of suffering 'injury in fact' that is concrete and particularized, and that threat must be actual and imminent[.]"[21] "Past exposure to illegal conduct unaccompanied by any continuing, present adverse effects, will not suffice to establish a present case or controversy."[22]

### b.  Class Certification

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only."[23] To support certification, a putative class must satisfy the four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequate representation.[24] A putative class must also fit within one of the three types of classes described in Rule 23(b).[25]

"In order to show adequacy, the class representative must be part of the class and possess the same interest and suffer the same injury as the class members."[26] A named plaintiff who lacks standing individually to bring the claims that it asserts on the class's behalf cannot adequately represent the class.[27]

---

[21] *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 490–91 (6th Cir. 2017) (quotation marks and citations omitted).
[22] *Id.*
[23] *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011).
[24] *Sandusky Wellness Ctr., LLC v. ASD Specialty Healthcare, Inc.*, 863 F.3d 460, 466 (6th Cir. 2017).
[25] *Id.*
[26] *Woodall v. Wayne Cnty., Michigan*, No. 20-1705, 2021 WL 5298537, at *4 (6th Cir. Nov. 15, 2021)
[27] *See id.* at *5.

Case No. 1:19-cv-2293
Gwin, J.

As the party seeking class certification, Plaintiff Tarrify bears the burden of "affirmatively demonstrat[ing]" compliance with these requirements.[28]

## 2. DISCUSSION

Unlike compensatory damages, which address past harms, courts issue declaratory judgments to remedy ongoing or future harms.[29]

Tarrify cannot rely on the County having previously foreclosed on its property to give standing to seek declaratory relief.[30] That foreclosure is a past injury. Tarrify must allege that it is currently experiencing an ongoing harm or that it is likely to suffer harm again in the future. It fails to do so.

In *Sumpter v. Wayne County*, the Sixth Circuit found that an inmate who had been subjected to invasive strip searches lacked standing to pursue declaratory and injunctive class relief against a county jail because she was unlikely to experience another search in the future.[31] The panel concluded that plaintiff had not shown a threat of imminent harm because the jail had changed its strip search policy and because plaintiff was no longer incarcerated at that jail.[32] The Sixth Circuit panel also noted that, without other evidence, it would "assume that plaintiff [would] conduct her activities within the law and so avoid exposure to the challenged course of conduct."[33]

---

[28] *Wal-Mart*, 564 U.S. at 350.

[29] *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) ("Where, as here, plaintiffs seek injunctive or declaratory relief, they [...] must show a likelihood that they will be injured in the future.") (quotation marks and citations omitted).

[30] *Sumpter*, 868 F.3d at 491 (affirming grant of summary judgment against putative class because plaintiff lacked standing to pursue declaratory or injunctive relief).

[31] *Id.*

[32] *Id.*

[33] *Id.* (quotation marks omitted).

-6-

Case No. 1:19-cv-2293
Gwin, J.

Here, neither Tarrify's current First Amended Complaint nor its proposed Second Amended Complaint describe anything showing the County is likely to foreclose on another Tarrify property. Tarrify does not allege that it has any other Cuyahoga County properties. Nor does Tarrify allege that it is delinquent on other property taxes. In the absence of those facts, the Court assumes that Tarrify will "conduct its activities within the law" and avoid further tax delinquency that would expose Tarrify to another uncompensated taking under the County's tax foreclosure scheme. Tarrify does not allege an imminent and actual future harm.

Tarrify argues that it has standing instead because it continues to suffer ongoing and current harm from the County's original property foreclosure. It emphasizes that "the *taking* of Plaintiff's property occurred in the past," but "the constitutional injury caused by an uncompensated taking continues to exist unless and until just compensation is paid."[34]

The Second Circuit rejected just such an argument in a case involving similar claims against New York City. The Second Circuit wrote:

> "Although we appreciate that losing ownership of one's [property] can inflict a lingering trauma, that argument merely recasts a past harm as a continuing one. [...] That a past harm was severe or inflicts continuing damage does not change [the] rule: the remedy for continuing pain and suffering from a defendant's past damage is compensatory damages, as an injunction against future actions by a defendant does not remedy the harm done by that defendant's past acts."[35]

The Court agrees and finds that Tarrify has not established standing to seek prospective relief. Without standing, Tarrify also cannot serve as an adequate representative of a class seeking prospective relief.

---

[34] Doc. 86 at 7 (emphasis in original).
[35] *Dorce*, 2 F.4th at 95–96.

Case No. 1:19-cv-2293
Gwin, J.

Finally, even if Tarrify could serve as an adequate class representative, its proposed

class would fail. Tarrify defines its new proposed class as:

> "All persons whose interest in real property located in Cuyahoga County,
> Ohio *was* directly transferred to another entity through the invocation and
> use of the procedures set forth in O.R.C. § 323.78, where the total value of
> that property exceeded the amount of the impositions on that property at
> the time the transfer occurred."[36]

Thus, Tarrify's proposed class members would also be property owners seeking relief from

past unconstitutional takings without compensation. These class members likewise lack

Article III standing to seek declaratory relief.

## B. DECLARATORY RELIEF FOR TAKINGS CLAIMS

Defendant also argues that Plaintiff's motions to renew certification and to amend its

complaint are futile because Plaintiff cannot alternatively seek declaratory relief for a

takings claim for which compensatory damages are available. Once again, the Court

agrees.

### 1. LEGAL STANDARD

"[A] takings claim under the Fifth Amendment cannot support a request for injunctive

relief if there is an adequate state process available for obtaining compensation for the

taking."[37] The same holds true for requests for declaratory relief.[38]

---

[36] Doc. 84-1 at 11 (emphasis added).

[37] *Loc. 860 Laborers' Int'l Union of N. Am., v. Neff*, No. 1:20-CV-02714, 2021 WL 2477021, at *6 (N.D. Ohio June 17, 2021), *aff'd sub nom. Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325 (6th Cir. 2022),

[38] *See Culinary Studios, Inc. v. Newsom*, 517 F. Supp. 3d 1042, 1064–65 (E.D. Cal. 2021) ("To the extent that Plaintiffs seek declaratory or injunctive relief under the takings claim, such relief is inappropriate."); *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984) ("Equitable relief is not available to enjoin an alleged taking of private property for a public use, duly authorized by law, when a suit for compensation can be brought against the sovereign subsequent to the taking.").

-8-

Case No. 1:19-cv-2293
Gwin, J.

The Sixth Circuit has recognized that "Ohio's statutory mechanism for obtaining compensation to remedy a Takings Clause violation is reasonable, certain, and adequate."[39]

## 2. DISCUSSION

Tarrify may only seek equitable relief for a takings claim if it has no adequate remedy at law. But Tarrify does not argue that it seeks declaratory relief because compensatory damages are unavailable. Quite the opposite—Tarrify argues that the declaratory judgment it seeks will assist class members in pursuing "their individual claims for damages against the County in subsequent individual actions."[40] That very availability of monetary relief bars Tarrify's efforts to certify a declaratory judgment class.

### III.    MOTION FOR LEAVE TO AMEND

#### A.  LEGAL STANDARD

The Court should grant a party leave to amend "freely [...] when justice so requires."[41] Rule 15(a)(2) creates a "liberal policy of permitting amendments to ensure the determination of claims on their merits."[42]

"But Rule 15(a) does not give plaintiffs unbridled authority to amend the complaint. A motion for leave to amend the complaint may be denied when the motion is the product of undue delay, bad faith, or dilatory motive, amendment would cause undue prejudice to the opposing party, the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments, or amendment of the complaint would be futile."[43]

---

[39] *Ladd v. Marchbanks*, 971 F.3d 574, 581 n.5 (6th Cir. 2020).
[40] Doc. 84 at 9.
[41] Fed. R. Civ. P. 15(a)(2).
[42] *Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014).
[43] *Id.*

-9-

Case No. 1:19-cv-2293
Gwin, J.

### B.  DISCUSSION

Defendant argues that the applicable standard for deciding Tarrify's motion for leave to amend its complaint is not the usual Rule 15, but instead Fed. R. Civ. P. 16(b)(4). Rule 16(b)(4) requires a party to show "good cause" before a court will modify a scheduling order.[44]

The Court declines to decide whether Rule 16(b) applies and whether Tarrify satisfied its "good cause" standard.[45] Because Plaintiff lacks standing and the class it seeks to certify is not viable, granting leave to amend would be futile even under the more permissive Rule 15.

### IV.      CONCLUSION

For these reasons, the Court **DENIES** Tarrify's motions to amend its complaint and to renew class certification.

IT IS SO ORDERED.

Dated:  September 15, 2022                     _s/      James S. Gwin_
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[44] Doc. 85 at 4–6.

[45] Likewise, Defendant argues that Plaintiff's motions are barred by the "law-of-the-case" doctrine. The Court declines to reach this argument as unnecessary.